# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| J & J Sports Productions, Inc.., | ) |
| Plaintiffs, | ) ) ) |
| v | ) No. 4:17-cv-01407-JCH ) |
| Vernon Gray and Crocodile Lounge, LLC. | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff J & J Sports Productions, Inc.'s Motion for Default Judgement, filled October 5, 2018. (ECF No. 30).

## BACKGROUND

Plaintiff filed a Complaint in this matter on May 28, 2017, against Defendant Vernon Gray and Defendant Crocodile Lounge, LLC. Plaintiff alleged that Defendants violated The Communications Act of 1934, as amended, 47 U.S.C. § 605 and the Cable and Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553, by intercepting the *Floyd Mayweather, Jr. v. Marcos Rene Maidana WBC Welterweight Championship Fight Program,* (hereinafter "Program") broadcast on May 3, 2014. With respect to Defendant Gray, Plaintiff's Complaint contends that the Plaintiff was granted the exclusive nationwide commercial distribution rights to the Program by contract. According to the Complaint, the Plaintiff entered into subsequent contracts with other entities allowing them to exhibit the Program in their establishments. Plaintiff contends that Defendant Gray without authorization unlawfully intercepted and exhibited the Program at Crocodile Lounge, LLC.

Defendant Gray was served in this matter on November 27, 2017. (ECF No. 15). Defendant Gray did not answer or otherwise respond to the Complaint. Plaintiff then sought default against Defendants (ECF No. 21, 23). The Clerk of Court entered Default against Defendant Gray on January 8, 2018, and against Defendant Crocodile Lounge on January 19, 2018. (ECF No. 22, 24). With respect to Defendant Crocodile Lounge, LLC., Plaintiff filed Notice of Voluntary Dismissal on October 5, 2018. (ECF No. 29). Plaintiff now seeks default judgement against Defendant Gray.

In their Motion for Default Judgement, Plaintiff requests an award of statutory damages in the amount of $10,000 under 47 U.S.C. § 605(e)(3)(C)(i)(II) and enhanced damages in the amount of $30,000 under 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff additionally seeks the opportunity to submit evidence in support of its recovery of attorney's fees and relevant costs incurred pursuant to 47 U.S.C. § 605, *et seq*.

## DISCUSSION

### I. Legal Standard

After the entry of default, a Plaintiff may apply to the Court for a default judgement. Fed. R. Civ. P. 55(b)(2). Default judgments are not favored in the law. *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre,* 983 F.2d 128, 130 (8th Cir. 1993). This is because there is a judicial preference for adjudication on the merits. *Oberstar v. F.D.I.C.,* 987 F.2d 494, 504 (8th Cir. 1993). The Court however has discretion to enter a default judgement. *Taylor v. City of Ballwin, Mo.,* 859 F.2d 1330,1332 (8th Cir. 1988). Entry of default judgement pursuant to Federal Rule of Civil Procedure 55 is appropriate only if there is a "clear record of delay or contumacious conduct." *Taylor,* 859 F.2d at 1332 (quoted case omitted).

Upon default, the factual allegations of a complaint are taken as true, except for those allegations as to the amount of damages. Taylor, 859 F.2d at 1333, n.7. Prior to the entry of a discretionary default judgement, the Court should satisfy itself that the Plaintiff is entitled to judgement by reviewing the sufficiency of Plaintiff's Complaint and the substantive merits of their claim. 10 *Moore's Federal Practice* § 55.31[2]. Therefore, the Court takes the allegations that Plaintiff has made in its Complaint as true, except those regarding the amount of damages.

Under 47 U.S.C. § 605 the Plaintiff must demonstrate that it has a proprietary interest in the Program, that the Defendant's unlawfully intercepted, received, published, divulged, displayed, and/or exhibited the Program without the authorization of Plaintiff. 47 U.S.C. § 605(a). Plaintiff has sufficiently alleged facts supporting the above cause of action. The Court finds that the Plaintiff is entitled to damages against the Defendant for a willful violation of 47 U.S.C. §605.

Plaintiff seeks relief under Section 605. To hold Defendant Gray individually liable, Plaintiff must demonstrate that the defendant was personally involved in a violation of the Cable Communications Policy Act. *Comcast of Illinois X v. Multi-VisionElectronics, Inc*., 491 F.3d 938,947-48 (8th Cir. 2007)(in which the defendant was the only corporate officer and its sole owner, and it was determined that there was no distinction between the actions of the defendant and the actions of the company). In the instant case, Plaintiff has sufficiently alleged and provided evidence that Defendant Gray was the only managing member of Crocodile Lounge, LLC., and that the Defendant had the ability to supervise the interception of the Program. (ECF Nos. 1; 30-2). Absent any showing by the Defendant, this is sufficient for the Court to find that Defendant Gray is individually liable for damages in this case.

## II. Damages and Fees

A claimant entitled to relief under Section 605 may receive actual or statutory damages pursuant to 47 U.S.C. §605(e)(3)(C). Plaintiff has elected statutory damages making Plaintiff entitled to an amount of not less than $1,000.00 and not more than $10,000.00 in statutory damages for each violation "as the court considers just." 47 U.S.C. § 605(e)(3)(C). In addition, Section 605(e)(3)(C)(ii) gives the Court discretion to award up to $100,000 in enhanced damages in "case[s] in which the court finds that the violation was committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain," 47 U.S.C. § 605(e)(3)(C)(ii).

In support of its Motion for Default Judgement, Plaintiff has submitted an affidavit from investigator Jamadj Neely, and a digital video disc ("DVD") containing videos and pictures taken by the affiant of Crocodile Lounge. (ECF Nos, 30-3; 33). Neely visited Crocodile Lounge on the night of the Program. He paid a cover charge of $10 to enter the establishment, and observed four televisions and one projection playing the Program. Neely attests that the establishment could hold up to 100 people and that the head count was between twenty and thirty each time of the three times he counted. (ECF No. 30-3). Additionally, the attached photographs show a satellite dish on top of the establishment. (ECF No. 33).

In this district damages awarded under Section 605 are not uniform.. *See, e.g., Joe Hand Promotions, Inc. v. Thompson* , 2013 WL 466278, at *3 (E.D. Mo. Feb. 7, 2013)($16,000.00); *J & J Sports Prods., Inc. v. Sirko, LLC,* 2013 WL 363355, at *2 (E.D.Mo. Jan. 30, 2013)($3,000.00); *Joe Hand Promotions, Inc. v. Wilson,* 2013 WL 275591, at *1 (E.D. Mo. Jan 24, 2013)($15,000.00); *J & J Sports Prods., Inc. v. Diamond Kings,* 2012 WL 5330983, at *2 (E.D. Mo. Oct. 29, 2012)( $3,000.00); *Joe Hand Promotions, Inc. v. El Borracho*, LLC, 2012

WL 1134804, at *2 (E.D.Mo. Apr.4, 2012) ($15,000.00); *Joe Hand Promotions, Inc. v. TL Prods., L.L.C.,* 2010 WL 2428031, at *2 (E.D.Mo. Jun.10, 2010) ($150,000.00). Here, Plaintiff alleges Defendant financially benefited from showing the Program and did so willingly as evidenced by the cover charge. The Plaintiff has not provided supporting material to show actual damages in this case; but argues that this Court should look beyond the damage of the lost sublicensing fee to show actual damages. Plaintiff specifically requests that the Court award $10,000.00 in statutory damages and $30,000.00 in enhanced statutory damages, for a total award of $40,000.00 in damages.

The Court recognizes that actual damages in this case are difficult to calculate. In addition to the sublicensing fee, factors such as devaluation and deterrence must be taken into account. The Court will award Plaintiff statutory damages in the amount of $10,000.00 and enhanced damages in the amount of $30,000.00 for a willful violation of Section 605. As for Plaintiff's request with regard to attorney's fees, the Court will grant the Plaintiff 21 days from the entry of this Judgement to submit an application for costs and attorney's fees.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgement (ECF No. 30) is **GRANTED** in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Plaintiff is awarded damages in the amount of $40,000.00 and that Plaintiff has until **Monday, December 17, 2018,** to file an application for costs and attorney's fees with the Court.

Dated this 26th Day of November 2018.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE